*791 OPINION OF THE COURT
Robert J. Stolarik, J.
This is a CPLR article 78 proceeding commenced by the petitioner to reverse a decision of Joseph V. Colello, Supervisor of the Town of Orangetown, New York, dated September 14, 1985, which determined that a petition for the incorporation of certain territory in the Town of Orangetown as the Village of Palisades did not comply with the requirements of Village Law article 2. The respondent, Nancy Hall, is a resident of the Town of Orangetown who submitted written objection to the petition. (Village Law §§ 2-204, 2-210 [4] [b].) Respondents Hall and Colello oppose the instant application.
The court finds that Supervisor Colello’s decision was based upon insufficient evidence, was contrary to the weight of the evidence submitted at the hearing and was therefore not in compliance with the statutory provisions.
The main issue in this action is whether the petition to incorporate the proposed Village of Palisades complied with the provisions of Village Law § 2-202 (1) (a) (1) which requires that the petition contain signatures by "[20%] of the residents of such territory qualified to vote for town officers in a town in which all or part of such territory is located” (emphasis supplied).
Also relevant to the decision of the instant proceeding is Village Law § 2-202 (1) (c) (2) which requires the petitioners for village incorporation to attach, as an exhibit to their petition, a "list of the names and address[es] of the regular inhabitants of such territory.” (Emphasis supplied.) The petitioners for village incorporation complied with this provision of the Village Law by submitting a list of "regular inhabitants” which contained 1,282 names and was organized by street with the names of the actual occupants on that street listed in alphabetical order. The incorporation petitioners then compared this "regular inhabitants” list with the enrollment lists of the Rockland County Board of Elections for districts 12 and 50. A comparison of these two lists revealed that only 726 of the "regular inhabitants” were "qualified to vote for town officers” as required by Village Law § 2-202 (1) (a) (1).
Respondent Colello in rendering his September 14, 1985 decision totally disregarded the list of "regular inhabitants” determining that the total number of residents qualified to vote was contained in the Rockland County Board of Elections’ list which had 819 names. Respondents then took 20% *792 of this number (819) and determined that a minimum number of 164 valid signatures were required to validate the petition for incorporation.
Since respondents concede that the petitioners have 159 valid signatures on the incorporation petition, it is necessary to determine which number should be used (819 or 726) as the basis for computing the 20% requirement.
The court finds that the statutory requirement for the petitioners for village incorporation to attach a list of the "regular inhabitants” of the territory sought to be incorporated was placed in the statute by the Legislature for a particular reason. It is clear to this court that only those persons who are "regular inhabitants” of this area sought to be incorporated and who are also qualified voters are to be considered in establishing the 20% figure. It is obvious to the court that the Legislature intended to exclude those registered voters who have died or moved or are otherwise not qualified to vote as of the date of the filing of the petition for incorporation. Otherwise, the Legislature would not have required petitioners to attach a list of the "regular inhabitants” to the petition for incorporation. Why would the Legislature require the attachment of a list of "regular inhabitants” if, as respondents argue, the requirement has no purpose? Otherwise stated, if the Legislature had intended to require 20% of the currently registered voters, it would not have placed any requirement upon the petitioners to attach a list of the "regular inhabitants”.
In effect, the term "regular inhabitant” contained in Village Law § 2-202 (1) (c) (2) must be read into the word "residents” which is contained in Village Law § 2-202 (1) (a) (1). To do otherwise would violate the basic rule of statutory construction which requires that "In the construction of a statute, meaning and effect should be given to all its language, if possible, and words are not to be rejected as superfluous when it is practicable to give to each a distinct and separate meaning.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 231.)
The interpretation contained in the instant decision gives effect and meaning to all portions of the statute (Village Law § 2-202 [1] [a] [1]; § 2-202 [1] [c] [2]), whereas respondents’ interpretation of Village Law § 2-202 (1) (c) (2) renders that subdivision superfluous and meaningless in violation of the basic tenets of statutory construction.
Accordingly, the respondents having failed to submit any *793 evidence disputing the listing of the 726 "regular inhabitants” that were submitted by the petitioner as qualified to vote for town officers have failed to prove that the number 726 is inaccurate. Clearly, as a matter of law the figure 819, which respondents took from the voter registration lists, could only be sustained as the appropriate number for computation of the 20% figure, if evidence had been presented by the respondents to indicate that all 819 people were, in fact, "regular inhabitants” of the territory sought to be incorporated at the time the petition was filed. There was no such evidence presented at the hearing before Supervisor Colello; accordingly, the respondent objector failed to satisfy her burden in demonstrating that petitioner did not have 20% of the required signatures, a burden which the objector clearly has pursuant to Village Law § 2-206 (3).
Since there is no evidentiary basis in the hearing record to support respondents’ conclusion that the 819 figure should be used to compute the number of required signatures, the court finds that the portion of respondent Colello’s September 14, 1985 decision which utilizes the figure 819 and requires a number of 164 signatures is invalid and not in compliance with the statutory provisions.
Since, even subtracting all those signatures found to be invalid on the hearing date, the petitioners still have at least 159 valid signatures, the court finds that petitioners have satisfied their burden of demonstrating that 20% of the residents qualified to vote had signed the petition (20% of 726 = 145). (Respondent Colello in his Sept. 14, 1985 decision concedes that petitioner has 159 valid signatures.) Clearly, the objector has not sustained any contrary conclusion.
One other contention by respondents needs to be discussed and that is respondent Colello’s conclusory determination in his September 14, 1985 decision that "based upon testimony given at the hearing * * * some bearers of the petition to incorporate furnished to signers thereof sufficient misinformation (not necessarily intentionally) concerning the purpose of the petition, so as to cast sufficient doubt as to the validity of the entire petition to incorporate.”
Firstly, the court would point out that respondent Colello fails to inform the court of the nature of the "testimony” which forms the basis for his conclusion, although in issuing this decision he does refer the court to pages 18 through 41 of the hearing transcript. He also fails to specifically identify the "misinformation” which he is referring to.
*794 Secondly, the court has reviewed the contents of the transcript of the hearing conducted by respondent Colello and finds that, reviewed in the light most favorable to the respondents, the evidence produced at the hearing regarding misinformation allegedly conveyed to signers of the petition by the petitioners related to only three persons. Only one witness (Mr. Wilbur Gove) testified at the hearing that he had been misinformed regarding the purpose of the petition. Another witness (Dave Guiney) testified that he had not been provided with the cover sheet at the time he was asked to sign the petition. It was also testified by Theresa Albini that "Somewhere I read that when we signed this petition, it was not in favor or against, it was merely to bring this to a referendum”. At best, this limited testimony might invalidate three additional signatures on the petition, still leaving petitioners with 156 valid signatures, well in excess of the 146 valid signatures which were required. Clearly, there was inadequate testimony/evidence presented at the hearing to justify respondent Colello’s unsupported conclusory allegation that "sufficient misinformation” was provided to prospective signatories "concerning the purpose of the petition, so as to cast sufficient doubt as to the validity of the entire petition to incorporate.”
Submit judgment on notice vacating respondent Colello’s decision and declaring that the village incorporation petition for the proposed Village of Palisades complies with the requirements of Village Law article 2.